Wallace Wood Properties, LLC v. Wood

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# AMENDED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         BARRINGTON D. PARKER,
                      Circuit Judges,
         JANE A. RESTANI,*
                      Judge.

- - - - - - - - - - - - - - - - - - - -X
WALLACE WOOD PROPERTIES, LLC,
         Plaintiff-Appellant,

         -v.-                                15-4100

TATJANA WOOD,
         Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              PATRICK C. CARROLL, Law Offices of
                           Patrick C. Carroll, Carle Place, NY

---

     *      The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

1

(Patricia L. Minoux, North Miami Beach, FL on the brief).

**FOR APPELLEE:**     CYNTHIA S. ARATO (Joel L. Hecker, on the brief), Abrams Deemer PLLC, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Wallace Wood Properties, LLC, ("WWP") appeals from the judgment of the United States District Court for the Southern District of New York (Swain, J.) dismissing its complaint, which alleges conversion and replevin and seeks damages and the return of artwork allegedly in the possession of the artist's ex-wife. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Wallace Wood was a comic book artist and illustrator. He and defendant divorced in the 1960s, and Wallace Wood died in 1981. Wood's will bequeathed his "bank accounts, whether savings, checking, Certificates of Deposit, or otherwise" to his ex-wife, and "[all] the rest, residue and remainder of [the] estate, inclusive of but not limited to . . . art work, whether published or unpublished," to his friend John H. Robinson. Second Am. Compl. ("SAC") ¶¶ 12-13.

In 2006, Wallace Wood's biographer, J. David Spurlock, visited Tatjana Wood in her home and saw Wallace Wood artwork in her possession. Id. ¶ 25. In 2009, he saw a copy of Wallace Wood's will. Id. ¶ 22. In December 2011, he formed WWP--of which he is the "sole member and manager." Id. ¶¶ 19, 21. In February 2012, Robinson assigned all interest in Wallace Wood's property and copyrights to WWP, id. ¶ 16, in exchange for WWP's agreement "to furnish, without charge, to John H. Robinson, . . . duplicate copies of any publications made by it . . . relating to the works of the said Wallace Wood." Appellant's App. A040. In March 2013, Spurlock demanded from Tatjana Wood the artwork he had seen in her home in 2006. She

2

refused, and this suit was filed on October 28, 2014, alleging that the artwork had been in the possession of Marvel Comics but remained the property of Wallace Wood (and then of his estate and eventually of WWP), that Marvel wrongly sent it to Tatjana Wood in 2005, and that she wrongly kept it.

The district court dismissed under Federal Rule of Civil Procedure 12(b)(6), citing the statute of limitations bar. The district court did not reach the defendant's arguments that the claims are barred by laches and that WWP failed to plausibly allege ownership of sufficiently specific property. This appeal followed.

We review de novo the district court's dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Granting a motion to dismiss on the basis of a lapsed limitations period is proper when it is clear on the face of the complaint that a claim is untimely. Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999).

The limitations period for conversion and replevin claims in New York is three years. Hoelzer v. City of Stamford, 933 F.2d 1131, 1136 (2d Cir. 1991); New York v. Seventh Regiment Fund Inc., 98 N.Y.2d 249, 258 (2002). The present complaint was filed on October 28, 2014; so it is only timely if the pleaded claims accrued on or after October 28, 2011. A conversion action ordinarily accrues immediately upon the wrongful exercise of dominion over another's property. 98 N.Y.2d at 259-60. In some circumstances New York's demand-and-refusal rule delays the accrual of a claim until the plaintiff has demanded return of the property and been refused, id. at 260, in order to put good-faith purchasers of stolen property on notice that "continued possession will be regarded as wrongful by the true owner." SongByrd, Inc. v. Estate of Grossman, 206 F.3d 172, 183 (2d Cir. 2000). But demand is not necessary "for the accrual of a conversion claim against a possessor who openly deals with the property as [her] own," id., or when demand would be futile, as, for instance, when the defendant is a thief. Seventh Regiment, 98 N.Y.2d at 260.

3

WWP argues for the demand-and-refusal rule, because WWP specifically alleged that Tatjana Wood is not a thief, SAC ¶ 84, so its claims did not accrue until it demanded (through Spurlock) the artwork in 2013 and Wood refused its demand. Its complaint, however, is permeated by allegations that Wood knew she was not the rightful owner of the art: that she "had knowledge of the terms of the Will," id. ¶ 42, "knew that the actual owner of the Original Artwork was . . . not her," id. ¶ 88, "fraudulently concealed the identity, location and possession of the Original Artwork," id. ¶ 89, etc.

Moreover, it is clear from the face of the complaint that Wood openly dealt with the artwork as her own at least as early as 2006, when she displayed it to Spurlock in her home, id. ¶ 25, and certainly no later than "in or around 2010," when she sold two pieces to Spurlock. Id. ¶ 115. Any cause of action therefore must have accrued long before October 28, 2011, and was already time-barred when the complaint was filed in 2014.

Accordingly, and finding no merit in plaintiffs' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4